IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

LOUDERMILK SERVICES, INC.; CARL
RICHARD LOUDERMILK, INDIVIDUALLY;
B.R. FINLEY GENERAL CONTRACTOR, INC.
d/b/a BOYD'S EXXON STATION;
LEFEVRE CORPORATION;
LOCK 6 MARINA, INC.; and
MARVIN Z. GRAY, d/b/a WASHINGTON
AVENUE CHEVRON;
on behalf of all others similarly situated;

        Plaintiffs,

v.                                         Civil Action No. 3:04-0966

MARATHON PETROLEUM COMPANY LLC;
MARATHON OIL COMPANY;
MARATHON OIL CORPORATION;
and CATLETTSBURG REFINING, LLC;

        Defendants.



ENTERED
MAR 18 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On March 17, 2009, the Parties appeared before the Court for a Fairness Hearing on the Plaintiffs' Motion for Approval of Final Settlement and Brief in Support, as previously set by Order entered December 22, 2008. The Parties moved for a Final Judgment and Order of Dismissal With Prejudice exercising personal jurisdiction over the Class Members; certifying a class for settlement consisting of certain owners and operators of underground storage tanks in West Virginia; finding that the settlement is fair, reasonable, adequate and not the product of collusion; approving the terms of the Settlement Agreement; and granting final approval of this settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. The Parties further requested that the Final Judgment and

Order of Dismissal With Prejudice grant exclusion from the settlement to those persons who previously requested exclusion from this civil action, approve the procedure set forth in the Settlement Agreement for making certain payments by the Settlement Administrator and for making any claims for reimbursement against the Fund, grant a release from the Settlement Class Members against the Settling Defendants and other Released Persons from certain claims as defined in the Settlement Agreement, and otherwise conform to the terms and conditions of the Settlement Agreement.

Upon consideration of the Plaintiffs' Motion for Approval of Final Settlement and Brief in Support and the entire record, the Court **HOLDS** that personal jurisdiction exists over the settlement class members because notice was reasonable and afforded an opportunity to be heard as required in *In re Serzone Products Liability Litigation*, 231 F.R.D. 221, 231 (S.D.W. Va. 2005). The Plaintiffs' have provided the Affidavit of Charles S. Smith of Smith, Cochran, & Hicks that notice was mailed by first class mail to 2,111 Class Members. In addition, plaintiffs have advised that notice was also published in 20 newspapers and periodicals throughout West Virginia. No Class Members have objected to this settlement on the basis of lack of reasonable notice and opportunity to be heard. The Court **HOLDS** that notice to the Class Members was effectuated as provided by the Order entered on December 22, 2008, fully complies with the requirements of Rule 23(c) of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement.

In addition, because no Class Member has objected to certification of a settlement class as preliminary and conditionally certified in this Court's Order preliminarily approving settlement

entered on December 22, 2008, and for the reasons set forth therein, the Court further **CERTIFIES** a Settlement Class hereby defined as:

> all current or final owners and all operators of underground storage tanks in West Virginia that received allegedly contaminated gasoline that was designed, manufactured, transported, or distributed by the Defendants from February 1, 2000 through July 31, 2003 ("Gasoline"). Excluded from the Class are the Defendants and any entities in which the Defendants have a controlling interest, and persons who previously requested exclusion from this Litigation.

Those persons who previously requested exclusion are listed in Doc. No. 501. The parties previously made a sufficient showing that the Settlement Class should be divided into three subclasses, as set forth in their Settlement Agreement, and as preliminarily and conditionally certified in this Court's Order entered on December 22, 2008. No Class Members have objected to these three subclasses.

Accordingly, the Settlement Class will be divided as follows:

> Subclass A - Those Settlement Class Members who are current or final owners of one or more underground storage tanks at each Site which (1) was identified by Marathon as possibly receiving the Gasoline and which could have actually received the Gasoline and (2) was subjected to cleaning during "Project Mountaineer."

> Subclass B – Those Settlement Class Members who are current or final owners of one or more underground storage tanks at each Site which (1) was identified by Marathon as possibly receiving the Gasoline and which could have actually received the Gasoline but (2) was not subjected to cleaning during "Project Mountaineer."

> Subclass C – All remaining Settlement Class Members.

The named Plaintiffs were preliminarily appointed as representatives of the Settlement Class, and they are hereby confirmed as Class Representatives, being Loudermilk Services, Inc.; Carl

Richard Loudermilk; B.R. Finley General Contractor, Inc., d/b/a Boyd's Exxon Station; LeFevre Corporation, Lock 6 Marina, Inc.; and Marvin Z. Gray, d/b/a Washington Avenue Chevron.

The Order entered December 22, 2008, appointed the following attorneys for plaintiff to represent the Settlement Class, being Robert T. Cunningham, Jr., Gregory B. Breedlove, Richard T. Dorman, Steven L. Nicholas, Stephen Olen and Bryan Comer of Cunningham Bounds LLC, Richard E. Rowe of Goodwin & Goodwin LLP, and James M. Cawley, Jr., and those attorneys are hereby confirmed as Class Counsel.

Upon consideration of the Plaintiffs' Motion for Approval of Final Settlement and Brief in Support, the entire record before the Court, the arguments and representations made by counsel for the Parties, and there having been no objection thereto, the Court **APPROVES** the settlement as fair, reasonable, adequate and not the product of collusion in accordance with *Muhammad v. National City Mortgage, Inc.*, Civil Action No. 2:07-0423, 2008 WL 5377783 (S.D.W. Va. Dec. 19, 2008). In *Muhammad*, the Court applied a bifurcated analysis for class action settlements, which separates the inquiry into the fairness of the settlement from the inquiry into its adequacy. *Muhammad*, 2008 WL 5377783 at *3. In assessing the fairness of a proposed settlement, the Court considered the following four factors: (1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of class action litigation. *Id.* In addressing the adequacy of a proposed settlement, the Court considered the following five factors: (1) the relative strength of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses the plaintiffs would likely encounter if the case were to go to trial; (3) the anticipated duration and

expense of additional litigation; (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and (5) the degree of opposition to the settlement. *Id.* *4.

The Court **FINDS** that the settlement set forth in the Settlement Agreement in this civil action meets the fairness test. This civil action has been pending for approximately four and one-half years. In that time, the plaintiff Class Representatives have actively pursued necessary discovery. In fact, the defendants have produced well over a million pages of documents in hard copy and electronic format to Class Counsel. Class Counsel has taken numerous depositions, including depositions of the employees of the defendants, Rule 30(b)(6) depositions of the defendants, and depositions of the defendants' experts. Class Counsel has retained a number of consultants and expert witnesses in numerous fields, including underground storage tanks, in support of the plaintiffs' theories of recovery and damage claims. A total of 80 depositions have been taken by the Parties during this civil action, and at the time that the settlement was preliminarily reached by the Parties, numerous motions for summary judgment and *Daubert* motions were pending before the Court. Further, the Parties engaged in three full days of mediation with an experienced mediator from New York City during September, 2008, with negotiations continuing thereafter between the Parties, with the assistance of the mediator, until the preliminary settlement was reached in October. The Court further **FINDS** that Class Counsel has considerable experience in the area of class action litigation, as they have demonstrated to the Court in a number of hearings and as otherwise shown by the exhibits attached to the plaintiffs' Motion and Memorandum in Support of Award for Attorneys Fees and Reimbursement of Costs and Award of Incentive Fee.

The Court further **FINDS** that the settlement set forth in the Settlement Agreement also meets the adequacy test. Although the Class Representatives believe that they have strong claims

against the defendants, there is obviously no certainty that they will prevail if the settlement is not approved and the litigation continues. In negotiating the settlement, Class Counsel was faced with the reality that it could not demonstrate at trial that any underground storage tank was sufficiently damaged by the defendants' conduct that it currently needed to be replaced. Class Counsel recognized that there was a significant risk of not obtaining any significant award if the case went to trial as scheduled for Phase I. Moreover, the defendants have denied liability and would have vigorously continued to challenge the plaintiff Class Representatives' claims in the Phase I trial and thereafter during any Phase II trials. The issues in this civil action, particularly those involving the issues of whether any contaminants in the defendants' gasoline could have caused any permanent damage to any underground storage tank, are very complex and difficult to prove. Further, complex litigation such as this would be very costly to maintain, and it certainly is conceivable that this litigation would have continued for several additional years. There is no issue of the solvency of the defendants, and the Settlement Agreement provides a mechanism for the payment of $15,000,000 in cash settlement proceeds by the defendants for distribution by the Settlement Administrator, as well as a settlement reimbursement fund created by created by defendant Marathon Petroleum Company LLC of up to $10 million to reimburse Settlement Class Members for certain tank repairs or replacements and to remediate certain releases upon the fulfillment of certain specified conditions. No Class Member has objected to the settlement as set forth in the Settlement Agreement.

Further, there being no evidence to the contrary or any objection thereto, the Court **FINDS** that the Parties conducted settlement negotiations in good faith, and that they reached the resulting settlement set forth in the Settlement Agreement without collusion.

For the reasons set forth above, the Court **FINDS** that the settlement set forth in Settlement Agreement is fair, reasonable, and adequate, and not the product of collusion; **GRANTS** the Plaintiffs' Motion for Final Approval of the Settlement; and **ORDERS** that the settlement is approved, that the defendants shall transfer the cash settlement proceeds to the Settlement Administrator in accordance with the terms of the Settlement Agreement, and that the Parties to the Settlement Agreement and the Settlement Administrator shall carry out their respective obligations under the Settlement Agreement.

In accordance with the terms and conditions of the Settlement Agreement, the Court hereby **DISMISSES THE ACTION WITH PREJUDICE** and with costs to be awarded solely as provided in the Settlement Agreement, except that the Court shall retain jurisdiction to the extent necessary to administer and enforce the Settlement Agreement.

The Court **ORDERS** that as of the Effective Date provided in the Settlement Agreement, the Settlement Class Members shall have fully and finally released Settling Defendants and other Released Persons from the Released Claims. As set forth in the Settlement Agreement, the "Released Claims" are defined as all claims, demands, rights, liabilities and causes of action that were asserted or might have been asserted by the Settlement Class Members against the Settling Defendants and other Released Persons, whether sounding in tort, contract, or based upon any law of West Virginia or any other state or jurisdiction, and whether seeking compensatory damages, natural resource damages, economic damages, non-economic damages, punitive damages, penalties, attorneys' fees and expenses, or any other relief, so long as the claim, demand, right, liability, or cause of action constitutes, arises out of, relates to, or is in connection with:

      a.      the causes of action asserted against Settling Defendants in this civil action, including, but not limited to, any and all claims that Settling Defendants were strictly liable, acted negligently, intentionally, or recklessly, breached any warranties or that they misled the public, concealed dangers or information, were involved in a conspiracy, acted fraudulently, made fraudulent statements, or otherwise violated any law whatsoever by designing, manufacturing, marketing, selling or placing the gasoline at issue into the stream of commerce;

      b.      any facts, conduct, transactions, events, occurrences, acts, disclosures, statements, or omissions or failures to act, which were or could have been asserted as a basis of or in connection with any of the claims in the civil action;

      c.      all claims asserted or that could have been asserted by Class Representatives in the civil action that a member of the Settlement Class had or could have had against the Settling Defendants with respect to the gasoline at issue;

      d.      all claims asserted or which could have been asserted by Class Representatives in the civil action that a member of the Settlement Class had or could have had against Settling Defendants, other Released Persons, or others with respect to Project Mountaineer, cleanup and other remediation efforts undertaken by Settling Defendants with respect to the gasoline at issue; and

      e.      all claims of the Settlement Class Members for damages related to the distribution of the gasoline at issue, including damages to underground storage tanks and dispensers, piping and other equipment associated with underground storage tanks, and from actions related to "Project Mountaineer."

The Released Claims expressly includes all claims that were or could have been brought against any person or entity in the chain of distribution of the Gasoline, including but not limited to

oil companies with exchange agreements with any Settling Defendant, manufacturers, jobbers, suppliers, distributors, wholesalers, deliverers, retailers, sales representatives, general contractors or subcontractors, expressly including those which were involved in Project Mountaineer.

The Release effectuated hereby is made on behalf of the Settlement Class Members, including the Class Representatives, and their predecessors, successors, transferees, parents, subsidiaries, divisions, affiliates, corporations, joint venturers, owners of any kind, purchasers and/or any of their past, present and future officers, members, investors, directors, administrators, employees, representatives of any kind, shareholders, partners, agents, servants, subrogees, devisees, attorneys, heirs, executors, assigns and respective insurers, spouses, representatives, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents and assigns, and all those who claim through them or who assert claims on their behalf.

As set forth in the Settlement Agreement, the Parties specifically understand, acknowledge and agree that the releases effectuated pursuant to the Settlement Agreement are a full and final release of all Released Claims described herein, whether known or unknown.

In accordance with the terms and conditions of the Settlement Agreement, the Court **BARS AND ENJOINS** all Settlement Class Members from prosecuting any legal proceeding against any Released Persons with respect to the acts or omissions of any Released Persons relating to all matters within the scope of the release, or actions taken by a Party that are authorized or required by the Settlement Agreement or by this Final Judgment. The Court shall retain jurisdiction to enforce the judgment, release and bar to suits contemplated by the Settlement Agreement. The Settlement Agreement may be used as a complete defense to any proceeding against any Released Persons.

The Court **DECLARES, ADJUDGES, AND DECREES** that the Settlement Agreement sets forth the sole and exclusive remedies for any released claims of Settlement Class Members, and that no court or arbitrator may award damages of any kind, including compensatory, punitive or multiple damages, with respect to any such claim, and no Settlement Class Member may serve as a representative plaintiff with respect to such a claim or remain in any action or permit himself to be represented by a third party in any action in which such a claim is asserted. It is further **ORDERED** that Settlement Class Members shall bar, discharge, and release any liability on the part of Settling Defendants to any other person for contribution and/or indemnity arising from the claims that are the subject of the Settlement Agreement, as set forth in the Settlement Agreement.

The Court further **ORDERS** that in the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and this Final Judgment and Order of Dismissal With Prejudice do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order of Dismissal With Prejudice are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, and no reference to the prior Settlement Agreement, or any documents related thereto, shall be made for any purpose; provided, however, that if a party to the Settlement Agreement appeal a ruling disapproving the Settlement Agreement and the Settlement Agreement is upheld on appeal, then the Settlement Agreement and Final Judgment and Order of Dismissal With Prejudice shall be given full force and effect according to their terms. In the event the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Judgment and Order of Dismissal With Prejudice shall be void and shall be deemed vacated.

The Court further **ORDERS** that neither the Settlement Agreement, this Final Judgment and Order of Dismissal With Prejudice, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order of Dismissal With Prejudice), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

The Court shall retain exclusive and continuing jurisdiction over this Civil Action and the Parties, including all Settlement Class Members with respect to the interpretation, implementation and enforcement of the terms of the Settlement Agreement, the settlement embodied in the Settlement Agreement, and all Orders and Judgments entered in connection therewith.

The Court has been advised by Class Counsel that the Settlement Administrator has received a number of inquiries from various Settlement Class Members regarding the Subclass classifications which have been assigned to the Settlement Class Members for purposes of allocation of the cash payment, and that the Settlement Administrator, together with Class Counsel, have resolved most of the questions or issues involved. The Settlement Agreement provides that any dispute as to the classification of a Settlement Class Member shall be determined by the Court, after the Settlement Class Member, who claims a different classification, notified the Settlement Administrator and Class Counsel prior to the Fairness Hearing. In the event that any disputes have occurred or will occur which must be determined by the Court, the Court **ORDERS** that such disputes be brought before

the Court by the motion practice set forth in Rule 7(b) of the Federal Rules of Civil Procedure and L.R.Civ.P. 7.01 of the Local Rules of Civil Procedure.

Class Counsel has advanced certain expenses for the mailing of the Notice to Class Members and the publication of the Notice. The Court **ORDERS** that Settlement Administrator is authorized to reimburse Class Counsel for these Notice expenses from the cash settlement proceeds. Further, the Court **ORDERS** that the Settlement Administrator may be paid for its services from the cash settlement proceeds in such amounts as are agreed upon by Class Counsel and defendants' counsel in an amount not to exceed $30,000. In the event that Class Counsel and defendants' counsel are unable to agree on the payment for such services, the Court will resolve the issue. In the event the Settlement Administrator incurs or bills charges after the disbursement of the Net Settlement Proceeds to the Settlement Class Members, such charges may be paid from any remaining balance prior to any reallocation of such balance or payment to the unclaimed funds recipients, upon the agreement of Class Counsel and defendants' counsel.

The plaintiffs have filed a Motion and Memorandum in Support of Award for Attorneys Fees and Reimbursement of Costs and Award of Incentive Fee, and certain Class Members have filed the Limited Objection of Certain Class Members to the Motion and Memorandum in Support of Attorneys Fees and Reimbursement of Costs and Award of Incentive Fee, to which the plaintiffs have filed a Reply. The attorneys fees and expenses of Class Counsel, and incentive fees for the Class Representatives, are subject to a separate Court determination of reasonableness and consequent approval. Therefore, the Court will take the plaintiffs' Motion and the Class Members' Limited Objection under advisement, and will address them in a separate Order.

The Court **DIRECTS** the Clerk to send a copy of this Final Judgment Order of Dismissal With Prejudice to counsel of record and any unrepresented party.

ENTER: March 18, 2009

_____
Robert C. Chambers
UNITED STATES DISTRICT JUDGE